SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JOHN T. BROOKS, Cal. Bar No. 167793
  jbrooks@sheppardmullin.com
501 W. Broadway, 19th Floor
San Diego, California  92101
Telephone:  619.338.6500
Facsimile:   619.234.3815

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JEFFREY S. CROWE, Cal. Bar No. 216055
  jcrowe@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626-1993
Telephone:  714.424.8231
Facsimile:   714.428.5997

Attorneys for Plaintiff
ATLANTIC SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOSOPO CORPORATION doing business as HORIZON SOLAR POWER, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION** |

Plaintiff Atlantic Specialty Insurance Company complains against defendant HOSOPO Corporation and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this action based upon complete diversity of citizenship under 28 U.S.C. sections 1332 and 1441. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. Plaintiff Atlantic Specialty Insurance Company ("ASIC") is a New York corporation with its principal place of business in the State of Minnesota, and at all relevant times, was qualified to do business in California.

3. Defendant HOSOPO Corporation doing business as HORIZON SOLAR POWER ("Horizon Solar") is a Delaware corporation with its principal place of business in Temecula, California, and which, at all relevant times, conducts business in California.

4. This action is related to an underlying putative class action against Horizon Solar titled *William Gonzalez, et al. v. HOSOPO Corporation, et al.*, United States District Court, District of Massachusetts, Case No. 1:18-cv-10072-FDS (the "Underlying Class Action").

## VENUE

5. Venue is proper in this district, pursuant to 28 U.S.C. section 1391(b), because Horizon Solar's principal place of business is located in this judicial district, and it is the judicial district in which a substantial part of the events giving rise to this action have occurred including, without limitation, ASIC's delivery of the relevant insurance policy (described below) to Horizon Solar.

## GENERAL ALLEGATIONS

**The Policy.**

6. ASIC issued Private Company Management Liability Policy No. MML-08501-17 (the "Policy") to Named Insured Solar Spectrum Holdings LLC

and, by way of Endorsement, to Horizon Solar as a covered "**Organization**," with coverage effective June 16, 2017 to June 16, 2018.

7. The Policy contains Directors, Officers & Organization Liability Coverage subject to a $3 million Separate Limit of Liability and a $50,000 "each claim" Retention. The Policy's Organization Liability Coverage provides that: "The Underwriter will pay, on behalf of the **Organization**, **Loss** from any **Organization Claim** first made against the **Organization** during the **Policy Period** or applicable Extended Reporting Period for a **Wrongful Act**; provided, that such **Organization Claim** is reported to the Underwriter in accordance with Section VIII of this Coverage Section." "**Organization Claim**" includes "a written demand for monetary, non-monetary or injunctive relief . . . ." "**Loss**" includes "**Defense Expenses** and any monetary amount which an Insured is legally obligated to pay as a result of a covered **Claim** . . . ." "**Defense Expenses**" means "reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses incurred in defending any **Claim** . . . ." A "**Wrongful Act**" is "any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty by" Horizon Solar.

8. The Policy's Organization Coverage is subject to various limitations, exclusions, and conditions. Among other things, the Policy provides the following:

> **III. EXCLUSIONS**
> (A) This Coverage Section does not apply to, and no coverage will be available under this Coverage Section for, Loss from any Claim:
>
> \* \* \*
>
> (7) [F]or any actual or alleged . . . invasion of privacy or damage to or destruction of any tangible property including loss of use thereof whether or not it is damaged or destroyed.

>     (Hereinafter, the "Invasion of Privacy Exclusion.")
>
> * * *
>
> (17) based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving any actual or alleged . . . harassment (whether sexual or non-sexual in nature) of, any person or entity that is not an Insured.  (Hereinafter, the "Harassment Exclusion.")

**The Underlying Class Action.**

9. On January 15, 2018, a complaint was filed in the Underlying Class Action asserting individual and putative class claims against Horizon Solar and "John Doe Corporation," a true and correct copy of which is attached hereto as **Exhibit 1**.

10. On April 25, 2018, a First Amended Class Action Complaint was filed to add Flowmedia Solutions LLC as a defendant in the Underlying Class Action, a true and correct copy of which is attached hereto as **Exhibit 2**.

11. On August 31, 2018, a Second Amended Complaint was filed adding TMI 4 U Comm LLC and David Goodstein as defendants in the Underlying Class Action, a true and correct copy of which is attached hereto as **Exhibit 3**.

12. In all of the Class Action Complaints in the Underlying Class Action, two claims were alleged against Horizon Solar for: (1) violation of the Telephone Consumer Protection Act, 47 U.S.C. section 227 (the "TCPA"); and (2) violation of Mass. Gen. Laws ch. 93A (the "State Law" claim).

13. According to the Second Amended Complaint, the Underlying Class Action was brought "to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act . . . a federal statute enacted in 1991 in response to

widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices." (Second Amended Complaint ("SAC"), ¶ 1.) The Second Amended Complaint alleges that, to generate new residential solar-power clients, Horizon Solar and/or its agents made telemarketing calls that violated the TCPA and State Law. (SAC, ¶¶ 8, 22-24, 60.)

14. As a result of the alleged violations of the TCPA and State Law, the Second Amended Complaint alleges that the putative class was "temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was invaded." (SAC, ¶ 29.) The Second Amended Complaint alleges further that the alleged violating calls were "frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class," and were "harassing and annoying and invade[d] the privacy of plaintiff and the putative class members . . . ." (SAC, ¶¶ 30, 100-101.)

**ASIC's Defense Under Reservation of Rights and the Settlement Demand for Alleged TCPA Violations.**

15. Horizon Solar tendered the Underlying Class Action to ASIC under the Policy. In a letter dated May 10, 2018, ASIC accepted Horizon Solar's tender "subject to a full and ongoing reservation of all rights and defenses." Since then, ASIC has funded Horizon Solar's defense in the Underlying Class Action by and through appointed defense counsel.

16. In a letter dated February 6, 2019, ASIC sent an updated reservation of rights letter to Horizon Solar. ASIC re-affirmed that it continued to defend Horizon Solar in the Underlying Class Action "subject to a full and ongoing reservation of all rights and defenses." In its letter, among other things, ASIC reserved the right to deny coverage under the Invasion of Privacy Exclusion.

17. In a letter to ASIC dated March 21, 2019, putative class counsel made "a formal demand to settle this matter for $3,000,000." In the letter, counsel

explained that the putative class "seeks to enforce federal telemarketing law, the Telephone Consumer Protection Act."

18. In a letter dated April 22, 2019, ASIC sent an updated reservation of rights letter to Horizon Solar to advise that it did not believe the Underlying Class Action asserted damages or losses covered under the Policy. Among other things, ASIC advised that the Policy's Invasion of Privacy Exclusion negated coverage for the claims alleged. Thus, ASIC explained that it reserved the following rights:

- "ASIC is reserving its right to deny coverage for some or all of any judgment that might ultimately be entered against Horizon Solar, or of any settlement, because the damages or losses sought are not covered. ASIC also reserves its right to cease defending Horizon Solar if it or a court determines that no damages or losses sought by Plaintiffs are potentially covered under the Policy. ASIC reserves the right to have its duties judicially determined by filing a lawsuit seeking a court's declaration of its rights and obligations under the Policy."
- "ASIC reserves its right to seek reimbursement from Horizon Solar for fees and costs ASIC incurs solely in the defense of claims not potentially covered under the Policy. ASIC also reserves its right to seek reimbursement from Horizon Solar for any indemnity payment it makes to satisfy all or part of any judgment or settlement in connection with this matter, as permitted under all applicable law."

**FIRST CLAIM FOR RELIEF -- DECLARATORY JUDGMENT**

**(No Duty to Defend and/or Indemnify Based On the Invasion of Privacy Exclusion.)**

19. ASIC re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. An actual controversy exists between ASIC and Horizon Solar regarding ASIC's obligations, if any, to defend and/or indemnify Horizon Solar under the Policy against the Underlying Class Action.

21. ASIC is informed and believes, and thereon alleges, that Horizon Solar contends that the Policy obligates ASIC to defend and/or indemnify Horizon Solar against the claims in the Underlying Class Action. ASIC disputes this and contends that it has no duty or defend or indemnify Horizon Solar against any of the claims in the Underlying Class Action.

22. In particular, ASIC contends that the Policy's Invasion of Privacy Exclusion applies to eliminate any potential of covered damages or losses, and that the Invasion of Privacy Exclusion negates coverage for any available damages or remedies based on Horizon Solar's alleged violation of the TCPA or State Law.

23. ASIC is entitled to a judicial determination of its rights and duties under the Policy pursuant to 28 U.S.C. Section 2201.

24. ASIC has no plain, speedy or adequate remedy at law to resolve the controversy between it and Horizon Solar.

25. ASIC seeks a judicial determination and declaration by this Court, as follows:

    a. Under the Policy, ASIC has and had no duty to defend Horizon Solar, or to pay any portion of Horizon Solar's defense costs and expenses, in the Underlying Class Action;

    b. Under the Policy, ASIC has and had no duty to indemnify Horizon Solar, or to pay any portion of any settlement or judgment, in the Underlying Class Action.

**SECOND CLAIM FOR RELIEF -- DECLARATORY JUDGMENT**

**(No Duty to Defend and/or Indemnify Based On the Harassment Exclusion.)**

26. ASIC re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. An actual controversy exists between ASIC and Horizon Solar regarding ASIC's obligations, if any, to defend and/or indemnify Horizon Solar under the Policy against the Underlying Class Action.

28. ASIC is informed and believes, and thereon alleges, that Horizon Solar contends that the Policy obligates ASIC to defend and/or indemnify Horizon Solar against the claims in the Underlying Class Action. ASIC disputes this and contends that it has no duty to defend or indemnify Horizon Solar against any of the claims in the Underlying Class Action.

29. In particular, ASIC contends that the Policy's Harassment Exclusion applies to eliminate any potential of covered damages or losses, and that the Harassment Exclusion negates coverage for any available damages or remedies based on Horizon Solar's alleged violation of the TCPA or State Law.

30. ASIC is entitled to a judicial determination of its rights and duties under the Policy pursuant to 28 U.S.C. Section 2201.

31. ASIC has no plain, speedy or adequate remedy at law to resolve the controversy between it and Horizon Solar.

32. ASIC seeks a judicial determination and declaration by this Court, as follows:

    a. Under the Policy, ASIC has and had no duty to defend Horizon Solar, or to pay any portion of Horizon Solar's defense costs and expenses, in the Underlying Class Action;

    b. Under the Policy, ASIC has and had no duty to indemnify Horizon Solar, or to pay any portion of any settlement or judgment, in the Underlying Class Action.

# THIRD CLAIM FOR RELIEF – RESTITUTION, UNJUST ENRICHMENT OR OTHER EQUITABLE RELIEF

### (For Reimbursement of Defense Costs.)

33. ASIC re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. If this Court rules that ASIC has and/or had no duty to defend Horizon Solar under the Policy with respect to the Underlying Class Action, then ASIC is entitled to restitution from Horizon Solar for all attorneys' fees, disbursements and other costs and expenses it incurred defending Horizon Solar in the Underlying Class Action (collectively "Defense Costs").

# FOURTH CLAIM FOR RELIEF – RESTITUTION, UNJUST ENRICHMENT OR OTHER EQUITABLE RELIEF

### (For Reimbursement of Any Indemnity Payment.)

35. ASIC re-alleges and incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. If this Court rules that ASIC has and/or had no duty to defend Horizon Solar under the Policy with respect to the Underlying Class Action, because one or more exclusions including, without limitation, the Invasion of Privacy Exclusion, eliminate(d) any potential of covered damages or losses under the Policy, then ASIC is entitled to restitution of any payment that it makes to settle the claims asserted against Horizon Solar in the Underlying Class Action or to satisfy, in whole or in part, any judgment entered against Horizon Solar in the Underlying Class Action.

37. If this Court rules that ASIC has and/or had no duty to indemnify Horizon Solar under the Policy with respect to the Underlying Class Action, because one or more exclusions including, without limitation, the Invasion of Privacy Exclusion, negate coverage for the damages or losses asserted in the Underlying Class Action, then ASIC is entitled to restitution of any payment that it makes to settle the claims asserted against Horizon Solar in the Underlying Class Action or to

satisfy, in whole or in part, any judgment entered against Horizon Solar in the Underlying Class Action.

## PRAYER FOR RELIEF

Plaintiff ASIC prays for the following:

**As to the First Claim for Relief:**

1. For a declaration that, pursuant to the Invasion of Privacy Exclusion, ASIC has and had no duty to defend Horizon Solar, or pay any portion of its defense costs, in the Underlying Class Action;

2. For a declaration that, pursuant to the Invasion of Privacy Exclusion, ASIC has and had no duty to indemnify Horizon Solar in the Underlying Class Action;

3. For costs of suit herein; and

4. For such other and further relief as the Court deems just and proper.

**As to the Second Claim for Relief:**

1. For a declaration that, pursuant to the Harassment Exclusion, ASIC has and had no duty to defend Horizon Solar, or pay any portion of its defense costs, in the Underlying Class Action;

2. For a declaration that, pursuant to the Harassment Exclusion, ASIC has and had no duty to indemnify Horizon Solar in the Underlying Class Action;

3. For costs of suit herein; and

4. For such other and further relief as the Court deems just and proper.

**As to the Third Claim for Relief:**

1. For reimbursement to ASIC of its payment of Defense Costs;

2. For pre-judgment interest on each payment of Defense Costs;

3. For costs of suit herein; and

4. For such other and further relief as the Court deems just and proper.

**As to the Fourth Claim for Relief:**

1. For reimbursement to ASIC of any indemnity payment it makes or may make to settle the Underlying Class Action against Horizon Solar, or to satisfy, in whole or in part, any judgment entered against Horizon Solar in the Underlying Class Action;
2. For pre-judgment interest on the amount of any such payments;
3. For costs of suit herein; and
4. For such other and further relief as the Court deems just and proper.

Dated:  March 16, 2020

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ Jeffrey S. Crowe*
      JOHN T. BROOKS
      JEFFREY S. CROWE
      Attorneys for Plaintiff
      ATLANTIC SPECIALTY INSURANCE COMPANY

## DEMAND FOR JURY

1. Plaintiff Atlantic Specialty Insurance Company hereby demands trial by jury on any jury triable issues and claims.

Dated: March 16, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Jeffrey S. Crowe*
JOHN T. BROOKS
JEFFREY S. CROWE
Attorneys for Plaintiff
ATLANTIC SPECIALTY INSURANCE COMPANY

-12-
SMRH:4832-4348-7671.1    COMPLAINT FOR DECLARATORY JUDGMENT AND RESTITUTION